IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MELVIN ALAN WOOD,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | **CASE NO. CV 99-B-2552-NE** |
| | } | |
| **MICHAEL KESLER, individually and** | } | |
| **in his capacity as an Alabama State** | } | |
| **Trooper; and BRIAN JONES,** | } | |
| **individually,** | } | |
| | } | |
| Defendants. | } | |

FILED
00 APR 25 AM ...
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 25 2000

## MEMORANDUM OPINION

This case is before the court on defendant Brian Jones's Rule 12(b)(6) Motion to Dismiss for Failure to State a Valid Claim Under Federal or State Law filed January 27, 2000. Defendant Jones moves to dismiss on the ground that based on the allegations in the Complaint, he is entitled to absolute prosecutorial immunity. Upon consideration of the Complaint, the Memoranda submitted by the parties, and the argument of counsel, the court agrees that Jones is entitled to absolute immunity for the claims against him in the Complaint.

The essence of plaintiff's Complaint is that because he would not plead to two citations issued to him by defendant Kesler, he was wrongfully charged with the violation of reckless driving. (*See* e.g. ¶¶ 6, 9, 11, 12, 13, 16, 20, 22, 23, 24, 25, and 27 of plaintiff's first Amended Complaint for Civil Damages.) Plaintiff contends that defendants violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and therefore they are liable under 42 U.S.C. § 1983. He also contends that defendants are liable under various state law theories. With regard to defendant Jones, the pertinent paragraph of plaintiff's Complaint alleges:

26

  26. That Defendant Brian Jones, acting upon the failure of plaintiff to agree to a plea bargain, did otherwise act in concert with Defendant Kesler so as to wrongfully initiate Plaintiff being charged with reckless driving, said actions being beyond the scope of any immunity granted to Defendant Jones in his official capacity.

In his opposition to defendant's Motion to Dismiss, plaintiff correctly notes that in considering a Rule 12(b)(6) Motion to Dismiss, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff. *White v. LeMacks*, 183 F.3d 1253, 1255 (11th Cir. 1999). However, where immunity is involved, the plaintiff must specifically allege facts to show how the acts of the defendant are beyond the scope of the immunity.

In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Here as in *Imbler*, the challenged activities of defendant Jones "were intimately associated with the judicial phase of the criminal process, and thus were functions to which the reasons for absolute immunity apply with full force." *Id.* at 430. The conclusory allegation in plaintiff's Complaint that defendant Jones's actions "were beyond the scope of any immunity" to which he is entitled is insufficient to withstand the Motion to Dismiss.

Based on the allegations in the Complaint, Jones is entitled to absolute immunity on plaintiff's federal and state law claims. His Motion to Dismiss will be granted by an order entered contemporaneously with this Opinion.

  **DONE** this __21st__ day of April, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge